NCMB-1302 (3/26)

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

**Fill in this information to identify your case:**

Debtor 1: **David** (First Name) **Eddison** (Middle Name) **Lewis , Jr** (Last Name)

Debtor 2: (Spouse, if filing) **Erica** (First Name) **Nicole** (Middle Name) **Lewis** (Last Name)

Case number: (if known) **26-10641**

SS# Debtor 1: XXX – XX – **0924**

SS# Debtor 2: XXX – XX – **3105**

☑ Check if this is an amended plan, and list below the sections of the plan that have changed.

Section 2.2, 4.1(b), 4.3(c), 4.3(d)

## CHAPTER 13 PLAN

## Section 1: Notice.

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Local Rules of the United States Bankruptcy Court for the Middle District of North Carolina and applicable judicial rulings may not be confirmable. ***You must check each box that applies in §§ 1.1, 1.2, and 1.3, below. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 4, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest set out in Section 4.4 | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions set out in Section 9. | ☐ Included | ☑ Not Included |

**To Creditors:** Your rights may be affected by this plan. Your claim and/or lien may be reduced, modified, or eliminated.

You will need to file a proof of claim in order to be paid under any plan. Official notice will be sent to Creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and information regarding the filing of proofs of claim.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least seven days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. You will receive notification from the Bankruptcy Court of the date set for the hearing on confirmation. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

## Section 2: Plan Length, Payments and Liquidation Value.

2.1 **Plan length.** The applicable commitment period is:

☑ 36 months ☐ 60 months

Monthly payments must continue for the entire applicable commitment period unless all allowed unsecured claims are paid in full in a shorter period of time.

2.2 **Payments.** The Debtor will make payments to the Trustee as follows:

a. **Periodic Payments:**

$2,325.00 per month for 2 month(s)

$2,346.00 per month for 58 month(s)

b. **Additional Payments.**

☑ None

☐ The Debtor will make additional payment(s) to the Trustee from other sources as specified below. Describe source(s), estimated amount(s), and anticipated date(s) of payment(s).

---

The Debtor shall commence payments to the Trustee within thirty (30) days from the date the petition was filed. If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to pay creditors as specified in this plan.

2.3 **Liquidation value.**

a. ☐ The amount that allowed priority and non-priority unsecured claims would receive if assets were liquidated in a Chapter 7 case, after allowable exemptions, is estimated to be $ ________________.

b. ☐ Classes of unsecured claims are established, if necessary, based on liquidation value requirements as follows:

Class _______– Allowed unsecured claims of ____________with a liquidation value requirement of $ ____________.

Class _______– Allowed unsecured claims of ____________with a liquidation value requirement of $ ____________.

Class _______– Allowed joint unsecured claims of ____________with a liquidation value requirement of $ ____________.

c. ☐ Due to liquidation value requirements, interest at ________% per annum will be paid to allowed priority and non-priority unsecured claims as provided below:

☐ Interest to all allowed priority and non-priority unsecured claims.

☐ Interest to allowed priority and non-priority claims in Class ________.

## Section 3: Fees and Priority Claims.

3.1 **Attorney fees.**

☑ The Attorney for the Debtor will be paid the presumptive base fee of $ 5,700.00 . The Attorney has received $ 500.00 from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐ The Attorney for the Debtor will be paid a reduced fee of $ ________________. The Attorney has received $ ________________from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐ The Attorney for the Debtor will file an application for approval of a fee in lieu of the presumptive base fee.

3.2 **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

3.3 **Priority Domestic Support Obligations ("DSO").**

a. ☑ None. If none is checked, the rest of Section 3.3 need not be completed or reproduced.

3.4 **Other priority claims to be paid by Trustee.**

a. ☐ None. If none is checked, the rest of Section 3.4 need not be completed or reproduced.

b. ☑ To be paid by Trustee

| Creditor | Estimated Priority Claim |
|---|---|
| Guilford County Tax Department | $0.00 |

Debtor **Lewis, David Eddison Jr; Lewis, Erica Nicole** Case Number **26-10641**

| Creditor | Estimated Priority Claim |
|---|---|
| Internal Revenue Service | $2,600.00 |
| United States Attorney's Office | $0.00 |
| North Carolina Department of Revenue | $177.30 |

## Section 4: Secured Claims.

Except as otherwise expressly provided in the plan, the holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor or the estate until the earlier of:

a. payment of the underlying debt determined under nonbankruptcy law, or

b. discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

4.1 **Real Property – Claims secured solely by Debtor's principal residence.**

a. ☐ None. If none is checked, the rest of Section 4.1 need not be completed or reproduced.

b. ☑ Maintenance of payments and cure of default.

Installment payments on the claims listed below will be maintained and any arrearage will be paid in full. Proofs of claim should reflect arrearage amounts through the petition date. For claims being paid by the Trustee, the Trustee will commence disbursements of installment payments the month after confirmation. Any filed arrearage claim will be adjusted to include post-petition installment payments through the month of confirmation.

Amounts stated on a filed proof of claim, and as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage. Additionally, the Trustee will adjust the installment payment in accordance with any Notice of Mortgage Payment Change filed under Bankruptcy Rule 3002.1.

The Trustee is authorized to pay any post-petition fee, expense, or charge for which notice is filed under Bankruptcy Rule 3002.1 if no objection is filed to such fee, expense, or charge.

| Creditor | Address of Residence | Current Y/N | Installment Payment | Estimated Arrearage Amount on Petition Date | Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| LoanCare, LLC | Debtors' Residence<br>2825 Wild Poplar Way Greensboro, NC 27405 | N | $1,307.00 | $10,500.00 | Trustee |
| U.S. Department of Housing and Urban Development | Debtors' Residence<br>2825 Wild Poplar Way Greensboro, NC 27405 | Y | $0.00 | | Debtor |

c. ☐ Claims to be paid in full by Trustee.

| Creditor | Address of Residence | Estimated Claim | Monthly Payment | Monthly Escrow Payment | Interest Rate |
|---|---|---|---|---|---|
| | | | | | |

d. ☐ Request for valuation to treat claims as secured to the value of the property and any amount in excess as unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

Debtor Lewis, David Eddison Jr; Lewis, Erica Nicole Case Number 26-10641

| Creditor | Address of Residence | Value of Residence | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Monthly Payment to Creditor | Interest Rate |
|---|---|---|---|---|---|---|
| | | | | | | |

4.2 **Real Property – Claims secured by real property other than by Debtor's principal residence AND claims secured by Debtor's principal residence and additional collateral.**

a. ☑ None. If none is checked, the rest of Section 4.2 need not be completed or reproduced.

4.3 **Personal property secured claims.**

a. ☐ None. If none is checked, the rest of Section 4.3 need not be completed or reproduced.

b. ☐ Claims secured by personal property to be paid in full by the Trustee.

| Creditor | Collateral | Estimated Claim | Monthly Payment | Interest Rate | Adequate Protection Payment | Number of Adequate Protection Payments |
|---|---|---|---|---|---|---|
| | | | | | | |

c. ☑ Claims secured by personal property excluded from 11 U.S.C. § 506 being either (i) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the Debtor, or (ii) incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value. The filed claim must include documentation to show exclusion from 11 U.S.C. § 506 in order to be paid in full.

| Creditor | Collateral | Estimated Claim | Monthly Payment | Interest Rate | Adequate Protection Payment | Number of Adequate Protection Payments |
|---|---|---|---|---|---|---|
| Chrysler Capital | 2022 Jeep Grand Cherokee<br>VIN: 1C4RJGBG8N8589122<br>Includes: Navigation System, Panoramic Power Sunroof, Alpine Stereo System | $21,465.00 | $571.00 | 8.75% | $214.65 | |

d. ☑ Request for valuation to treat claims as secured to the value of the collateral and any amount in excess as unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

| Creditor | Estimated Amount of Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Monthly Payment | Interest Rate | Adequate Protection Payment | Number of Adequate Protection Payments |
|---|---|---|---|---|---|---|---|---|---|
| Snap-On Credit, LLC | $4,256.00 | Tools Debtor 1 | $1,000.00 | $0.00 | $1,000.00 | $20.64 | 8.75% | | |

e. ☐ Maintenance of payments and cure of default.

Installment payments on the claims listed below will be maintained and any arrearage will be paid in full. Proofs of claim should reflect arrearage through the petition date. For claims being paid by the Trustee, the Trustee will commence disbursements of installment payments the month after confirmation and any filed arrearage claims will be adjusted accordingly. Amounts stated on a proof of claim as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage.

Debtor Lewis, David Eddison Jr; Lewis, Erica Nicole Case Number 26-10641

| Creditor | Collateral | Installment Payment | Estimated Arrearage Amount on Petition Date | Pre-Confirmation Adequate Protection Payments |
|---|---|---|---|---|
| | | | | |

The Debtor requests that the Court determine the value of the secured claims listed as set forth in Sections 4.1.d, 4.2.d, and 4.3.d as applicable. For each non-governmental secured claim listed above, the Debtor states that the value of the secured claim should be set out in the column headed *Amount of Secured Claim*. For secured claims of governmental units only, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed above. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated above.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Section 6 of this plan. If the amount of a creditor's secured claim is listed above as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Section 6 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in Section 4.

4.4 **Lien Avoidance.**

**Check One.**

☑ **None.** *If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Section 1.2 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Section 6 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

## Section 5: Collateral to be Surrendered.

a. ☐ None. If none is checked, the rest of Section 5 need not be completed or reproduced.

b. ☑ The Debtor proposes to surrender to each creditor listed below the collateral that secures the creditor's claim.

Upon timely filing of a claim evidencing a non-avoidable lien, the Debtor will surrender the collateral in satisfaction of the secured claim, and the stay under 11 U.S.C. § 362(a) will be terminated as to the collateral only and the stay under § 1301 will be terminated in all respects effective upon confirmation of this plan. Effective upon confirmation the creditor will be allowed a period of 120 days for personal property and a period of 180 days for real property to file a documented deficiency claim. Any allowed unsecured claim resulting from liquidation of the collateral will be treated as an unsecured claim under Section 6. Any net proceeds resulting from liquidation of the collateral, after payment of liens and the costs of liquidation, are to be forwarded to the Trustee.

| Creditor | Collateral to be Surrendered |
|---|---|
| Acima Leasing | Bed Debtor 1 |

## Section 6: Nonpriority Unsecured Claims.

6.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims will be paid pro rata with payments to commence after priority unsecured claims are paid in full. There is no requirement for a distribution to nonpriority unsecured claims except as provided in Section 2.3 or 6.

a. ☐ The minimum sum of $ ________________will be paid pro rata to nonpriority unsecured claims due to the following:

☐ Disposable Income

☐ Other

b. ☐ Allowed non-priority unsecured claims will be paid in full with interest at ________% per annum due to all disposable income not being applied to the plan payment.

6.2 **Separately classified nonpriority unsecured claims.**

a. ☑ None. If none is checked, the rest of Section 6.2 need not be completed or reproduced.

## Section 7: Executory Contracts and Unexpired Leases.

a. ☑ None. If none is checked, the rest of Section 7 need not be completed or reproduced.

## Section 8: Standard Provisions.

8.1 **Vesting of Property of the Bankruptcy Estate:**

Property of the estate will vest in the Debtor(s) upon:

☐ Plan Confirmation

☑ Discharge

☐ Other: (specify) ________________________.

8.2 **General Provisions:**

a. The Trustee shall collect and disburse payments in accordance with the plan.

b. Proofs of claim must be filed to receive disbursements pursuant to the plan. Any claim to be paid as secured must contain evidence of a properly perfected lien on property of the estate. A creditor that does not hold an allowed secured claim will be treated as unsecured.

c. All payments being made by the Trustee on any claim secured by real or personal property shall terminate upon the lifting of the automatic stay with respect to the affected property.

d. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens or transfers are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien or transfer.

e. Confirmation of the plan shall not prejudice the right of the Debtor or Trustee to object to any claim.

f. The Debtor must promptly report to the Trustee and must amend the petition schedules to reflect any significant increases in income and any substantial acquisitions of property such as inheritance, gift of real or personal property, or lottery winnings.

g. **Use, Sale, or Lease of Property:** The use, sale, or lease of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Standing Orders.

8.3 **THE FOLLOWING ADDITIONAL PROVISIONS ARE APPLICABLE TO THE HOLDER OR SERVICER ("HOLDER") OF A CLAIM SECURED BY A DEED OF TRUST, A MORTGAGE OR SECURITY INTEREST IN REAL PROPERTY, OR A MOBILE HOME THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE:**

a. The Holder, upon confirmation, is precluded from imposing late charges or other default related fees based solely on pre-confirmation default.

b. If the Trustee is disbursing ongoing monthly installment payments, the Holder must apply each ongoing payment to the month in which the payment is designated.

c. For any loan with an escrow account, the Holder must prepare and must send an escrow analysis annually to the Debtor, the Trustee and the Debtor's attorney. The first escrow analysis must be filed with the proof of claim in accordance with Bankruptcy Rule 3002.1. The escrow analysis should not include any amounts that were included or should have been included in the arrearage claim.

d. The Holder shall continue to send monthly statements to the Debtor in the same manner as existed pre-petition and such statements will not be deemed a violation of the automatic stay.

e. The Holder is required, upon request, to provide account information to the Trustee within 21 days of the request and failure to provide a timely response may result in an order requiring the Holder to appear and show cause as to why Holder should not be sanctioned for failure to comply.

f. Nothing herein shall modify Holder's responsibilities under Bankruptcy Rule 3002.1 or other state or federal laws or regulations.

g. Unless the Court orders otherwise, an order granting a discharge in the case shall be a determination that all pre-petition and post-petition defaults have been cured and the account is current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

**h. PENALTY FOR FAILURE OF HOLDER TO COMPLY WITH THE REQUIREMENTS OUTLINED IN BANKRUPTCY RULE 3002.1.** Without limitation to the Court's authority to afford other relief, any willful failure of the Holder to credit payments in the manner required by Bankruptcy Rule 3002.1 or any act by the creditor following the entry of discharge to charge or collect any amount incurred or assessed prior to the filing of the Chapter 13 Petition or during the pendency of the Chapter 13 case that was not authorized by the order confirming plan or approved by the Court after proper notice, may be found by the Court to constitute contempt of Court and to be a violation of 11 U.S.C. § 524(i) and the injunction under 11 U.S.C. § 524(a)(2).

## Section 9: Nonstandard Plan Provisions.

a. ☑ None. If none is checked, the rest of Section 9 need not be completed or reproduced.

**By filing this document, the Debtor(s), if not represented by an Attorney, or the Attorney for Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in NCMB Chapter 13 Plan, other than any nonstandard provisions included in Section 9.**

Signature(s):

*If the Debtor(s) do not have an Attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The Attorney for the Debtor(s), if any, must sign below.*

**/s/ David Eddison Lewis , Jr**
David Eddison Lewis , Jr
Signature of Debtor 1

Executed on **10/12/2026**
mm/dd/yyyy

**/s/ Erica Nicole Lewis**
Erica Nicole Lewis
Signature of Debtor 2

Executed on **10/12/2026**
mm/dd/yyyy

**/s/ Damon Duncan**
Damon Duncan
Signature of Attorney for Debtor(s)
Bar Number: 39650
Duncan Law, LLP
204 Muirs Chapel Rd. #310
Greensboro, NC 27410
Phone: (336) 856-1234
Email: damonduncan@duncanlawonline.com

Date: **10/12/2026**

*NCMB-1302 (3/26)*

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

In re: **Lewis, David Eddison Jr** )
**Lewis, Erica Nicole** )
)
SS# xxx-xx- ____ )
SS# xxx-xx- ____ )
)
Debtor(s) )

Case No. **26-10641**

CHAPTER 13 PLAN

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the plan was served by first class mail, postage prepaid, to the following parties at their respective addresses:

Acima Leasing
Attn: Officer
13907 Minuteman Drive 5th Floor
Draper, UT 84020

Advance America
Attn: Officer
644 B Piney Forest Rd.
Danville, VA 24540

American Credit Acceptance
Attn: Bankruptcy
961 E Main Street 2nd Fl
Spartanburg, SC 29302

BlueChip Financial
Attn: Officer
PO Box 720
Belcourt, ND 58316

Caine & Weiner
Attn: Bankruptcy
12005 Ford Rd Ste 300
Farmers Branch, TX 75234

Capital One, National Association
Attn: Officer
1680 Capital One Drive
McLean, VA 22102

Chrysler Capital
Attn: Bankruptcy Dept.
PO Box 961275
Fort Worth, TX 76161-1278

Cone Health
Attn: Officer
1200 N Elm St.
Greensboro, NC 27401

Credit One Bank, National Association
Attn: Officer
6801 South Cimmaron Road
Las Vegas, NV 89113

Equifax, Inc
Attn: Bankruptcy Notification
Po Box 740241
Atlanta, GA 30374-0241

Experian
Attn: Bankruptcy Notification
Po Box 9701
Allen, TX 75013-9701

First Premier Bank, National Association
Attn: Officer
500 S. Minnesota Ave
Sioux Falls, SD 57104

Guilford County Tax Department
Attn: Bankruptcy
400 W Market St.
Greensboro, NC 27401

Halstead Financial Services
Attn: Officer
8001 Lincoln Ave
Skokie, IL 60077

Internal Revenue Service
Attn: Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Jefferson Capital Systems
Attn: Officer
200 14th Avenue E
Sartell, MN 56377

Launch Servicing, LLC
Attn: Officer
5109 Broadband Lane Ste 400
Sioux Falls, SD 57108

LoanCare, LLC
Attn: Officer
3637 Sentara Way
Virginia Beach, VA 23452

Midland Credit Management
Attn: Officer
320 E Big Beaver Rd Ste 300
Troy, MI 48083-1271

Minimed Distribution Corp.
Attn: Officer
18000 Devonshire Street
Northridge, CA 91325

MOHELA/Dept of Ed
Attn: Officer
633 Spirit Drive
Chesterfield, MO 63005

North Carolina Department of Revenue
Attn: Bankruptcy Unit
PO Box 2500
Raleigh, NC 27640

OneMain Financial Group, LLC
Attn: Officer
1501 South Clinton Street Ste 600
Baltimore, MD 21224

Priestly Management Company, Inc.
Attn: Officer
2005 Yanceyville Street Ste 301
Greensboro, NC 27405

Progressive Auto Insurance
Attn: Officer
6300 Wilson Mills Road
Cleveland, OH 44143

Snap-On Credit, LLC
Attn: Bankruptcy
950 Technology Way Ste 301
Libertyville, IL 60048-5339

The Bank of Missouri
Attn: Officer
916 N Kings Hwy
Perryville, MO 63775

TransUnion
Attn: Bankruptcy Notification
PO Box 1000
Crum Lynne, PA 19022

U.S. Department of Housing and Urban Development
Attn: Officer
77 Forsyth Street SW
Atlanta, GA 30303

United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth Street 4th Floor
Greensboro, NC 27401

Under penalty of perjury, I declare that the foregoing is true and correct.

Date: **10/12/2026**

**/s/ Damon Duncan**
Damon Duncan

Bar Number: 39650
Duncan Law, LLP
204 Muirs Chapel Rd. #310
Greensboro, NC 27410
Phone: (336) 856-1234
Email: damonduncan@duncanlawonline.com

# United States Bankruptcy Court
# Middle District Of North Carolina

In re **Lewis, David Eddison Jr** Case No. **26-10641**

**Lewis, Erica Nicole** Chapter **13**

Debtor(s)

## CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the following document(s): Amended Plan

was(were) mailed to all persons in interest at the addresses set forth in the exhibit which is attached hereto, electronically or by first class mail, postage prepaid, on **10/12/2026**.

Dated: **10/12/2026**

**/s/ Damon Duncan**

Damon Duncan
Debtor or Debtor's(s') Counsel
Bar Number: 39650
Duncan Law, LLP
204 Muirs Chapel Rd. #310
Greensboro, NC 27410
Phone: (336) 856-1234
Email: damonduncan@duncanlawonline.com

**Acima Leasing**
Attn: Officer
13907 Minuteman Drive 5th Floor
Draper, UT 84020

**Advance America**
Attn: Officer
644 B Piney Forest Rd.
Danville, VA 24540

**American Credit Acceptance**
Attn: Bankruptcy
961 E Main Street 2nd Fl
Spartanburg, SC 29302

**BlueChip Financial**
Attn: Officer
PO Box 720
Belcourt, ND 58316

**Caine & Weiner**
Attn: Bankruptcy
12005 Ford Rd Ste 300
Farmers Branch, TX 75234

**Capital One, National Association**
Attn: Officer
1680 Capital One Drive
McLean, VA 22102

**Chrysler Capital**
Attn: Bankruptcy Dept.
PO Box 961275
Fort Worth, TX 76161-1278

**Cone Health**
Attn: Officer
1200 N Elm St.
Greensboro, NC 27401

**Credit One Bank, National Association**
Attn: Officer
6801 South Cimmaron Road
Las Vegas, NV 89113

**Equifax, Inc**
Attn: Bankruptcy Notification
Po Box 740241
Atlanta, GA 30374-0241

**Experian**
Attn: Bankruptcy Notification
Po Box 9701
Allen, TX 75013-9701

**First Premier Bank, National Association**
Attn: Officer
500 S. Minnesota Ave
Sioux Falls, SD 57104

**Guilford County Tax Department**
Attn: Bankruptcy
400 W Market St.
Greensboro, NC 27401

**Halstead Financial Services**
Attn: Officer
8001 Lincoln Ave
Skokie, IL 60077

**Internal Revenue Service**
Attn: Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Debtor **Lewis, David Eddison Jr; Lewis, Erica Nicole** Case number **26-10641**

**Jefferson Capital Systems**
Attn: Officer
200 14th Avenue E
Sartell, MN 56377

**Launch Servicing, LLC**
Attn: Officer
5109 Broadband Lane Ste 400
Sioux Falls, SD 57108

**LoanCare, LLC**
Attn: Officer
3637 Sentara Way
Virginia Beach, VA 23452

**Midland Credit Management**
Attn: Officer
320 E Big Beaver Rd Ste 300
Troy, MI 48083-1271

**Minimed Distribution Corp.**
Attn: Officer
18000 Devonshire Street
Northridge, CA 91325

**MOHELA/Dept of Ed**
Attn: Officer
633 Spirit Drive
Chesterfield, MO 63005

**North Carolina Department of Revenue**
Attn: Bankruptcy Unit
PO Box 2500
Raleigh, NC 27640

**OneMain Financial Group, LLC**
Attn: Officer
1501 South Clinton Street Ste 600
Baltimore, MD 21224

**Priestly Management Company, Inc.**
Attn: Officer
2005 Yanceyville Street Ste 301
Greensboro, NC 27405

**Progressive Auto Insurance**
Attn: Officer
6300 Wilson Mills Road
Cleveland, OH 44143

**Snap-On Credit, LLC**
Attn: Bankruptcy
950 Technology Way Ste 301
Libertyville, IL 60048-5339

**The Bank of Missouri**
Attn: Officer
916 N Kings Hwy
Perryville, MO 63775

**TransUnion**
Attn: Bankruptcy Notification
PO Box 1000
Crum Lynne, PA 19022

**U.S. Department of Housing and Urban Development**
Attn: Officer
77 Forsyth Street SW
Atlanta, GA 30303

**United States Attorney's Office**
Middle District of North Carolina
101 S. Edgeworth Street 4th Floor
Greensboro, NC 27401